**BARRINGTON v. CITY OF SHERMAN** ,
**et al.**
**No. 13085.**

Court of Civil Appeals of Texas. Dallas.
Oct. 24, 1941.

Rehearing Denied Nov. 21, 1941.

O. H. Woodrow, of Sherman, for appellant.

J. P. Cox, Jr., of Sherman, for appellees.

LOONEY, Justice.

The parties will be referred to as in the court below. The events leading to the controversy, in short, are these: About five years before the City of Sherman adopted its general zoning ordinance, H. E. Barrington, plaintiff herein, established and had maintained, on his residence lot, a public garage for the repair of automobiles, employed several mechanics, and built up a valuable local patronage; and, as an incident, stored automobiles being repaired on his premises. The increase of business required more room for the storage of cars, but after the adoption of the original ordinance, not being permitted by the city authorities to enlarge his garage business on his resident property (same being in a residential district), began the. use of a ·vacant adjoining lot for the storage of cars. This aroused opposition from a group of citizens

residing in the adjacent neighborhood, who were opposed to plaintiff's conducting a garage in the dwelling district, hence petitioned the city to require him to remove his business to a district where, under the zoning ordinance, it could be legally conducted. The opposition of citizens produced a controversy between plaintiff and the city authorities, that had persisted for about three years prior to the institution of this suit; the city insisting that plaintiff should remove his garage business to an area designated in the zoning ordinance as first manufacturing district, where he was permitted to conduct the same, while plaintiff insisted that he be permitted to retain his location; but, on September 1, 1939, after seeking unsuccessfully to secure a change of the ordinance, permitting him to maintain his garage business at that location, plaintiff purchased a lot in the first manufacturing district, valuable chiefly for business purposes (receiving deed therefor on September 9, 1939), where, under an express provision of the zoning ordinance, he was permitted to establish and conduct a garage business.

The record discloses that on September 6, 1939, a few days after plaintiff made the purchase, the same group of citizens who formerly protested against the maintenance of his business in the residential district, petitioned the governing body of the city to amend the zoning ordinance so as to change the character of the property newly acquired by plaintiff from a manufacturing to a residential district, and thus prohibit him from using his new location for the purpose for which he had purchased the same, that is, for the establishment and maintenance of a public garage business. The petition was, on same day, referred to the City Zoning Commission for recommendation and report, and, on same day, the latter body made its report, but failed to recommend that the petition be either granted or denied, simply that "the City Commission hold a hearing to determine the wishes of the property owners in the adjoining area who were affected." In the meantime, before the ordinance could be adopted, plaintiff, after receiving a deed to the property purchased, prepared to occupy same, moved a number of cars upon the lot, but was immediately arrested by a policeman of the city, and was also sued by the city in the District Court of Grayson County, seeking a mandatory injunction requiring him to immediately move his automobiles from both the old and new locations. On hearing, the court ordered plaintiff to cease the use of his original location, but permitted him to use the newly acquired property for business purposes. At this juncture, plaintiff applied for a building permit for the erection upon the newly acquired property of a fire-proof building, in which to house his garage business, which was refused by the City Building Inspector and, on appeal to the Board of Adjustment, the action of the Building Inspector was affirmed.

On October 9, 1939, after complying with prescribed procedure, the governing body of the city adopted an amendment to the original zoning ordinance, segregating a strip 305 feet in length (including plaintiff's new location) off the west end of what previously had been a business or manufacturing district, giving it the character of residential property. Whereupon, plaintiff filed this suit, seeking to have the amendment, as it related to the proposed use of his newly acquired property, declared void, that the city be required to issue to him a building permit for the erection of a fireproof garage on said lot, to conform to the building requirements of the city, and that it be enjoined from interfering with the construction of said building, etc.

A jury was impaneled to try the case, but after plaintiff introduced his evidence and rested, the defendant, without offering any evidence, moved for, and the court gave a peremptory instruction to the jury to find for the defendant; and judgment having been entered accordingly, plaintiff duly perfected and prosecutes this appeal; his contention being that, the case should be reversed and remanded because the court committed reversible error in taking the case from the jury and directing a verdict for the defendant, in that, the controlling issues were raised both by pleading and proof.

■■■ In moving for an instructed verdict, the defendant admitted every material fact that the evidence introduced by plaintiff tended to establish. See Blake v. Pure Oil Co., 128 Tex. 536, 100 S.W.2d 1009. So, in deciding the questions presented, it becomes our duty to disregard all adverse evidence or inferences, and consider alone the evidence and reasonable inferences from which a jury might have found in favor of the plaintiff. Many authorities could be cited in support of this doctrine; among others, see Commercial Standard Ins. Co. v. Davis, 134 Tex. 487, 137 S.W.2d 1; Dendy v. Cockerham, Tex.Civ.App., 82 S.W.2d 756; Southern Underwriters v. Willis, Tex.Civ. App., 110 S.W.2d 252, writ refused.

One of the contentions urged by plaintiff is that, by both pleading and proof, an issue was presented as to whether or not his newly acquired lot was part of a de facto business area at the time the governing body of the city amended the zoning ordinance, segregating it from the manufacturing district and zoning it as dwelling property; hence, that the action of the City Commission as to plaintiff and his property was arbitrary, unreasonable, discriminatory and oppressive.

Bearing upon this phase of the case, plaintiff alleged, in substance, that the area, including his recently acquired lot, was not desirable residential property, but, because of its location and environment, was a de facto manufacturing or business area, encircled and encompassed by railroad and interurban tracks; that a switch track runs through the area, connecting two railroads; contains a number of businesses, such as a filling station, shoe shop, beer joint, grocery store and others; also a shack occupied by a family of negroes; that the adoption of the amendment limiting its use to dwelling purposes only was an arbitrary exercise of the police power for no purpose other than to prevent plaintiff from using the lot for the business for which it had been purchased, and had no relation to the furtherance of any object or purpose justifying the amendment.

Without particularizing the evidence introduced, or commenting upon its probative value, we think it tended to establish the issue, as plead, which, in our opinion, should have been submitted to the jury.

The power to zone in this State is lodged with the legislative bodies of cities, and even if it should appear that a classification made is of doubtful validity, yet a court cannot substitute its judgment for that of the legislative body; but this does not mean that redress in court may not be had where a classification of property is shown by the facts to have been made without substantial reason therefor. See Mueller v. Hoffmeister, etc., Co., 343 Mo. 430, 121 S.W.2d 775, 777; Wippler v. Hohn, 341 Mo. 780, 110 S.W.2d 409.

The applicable rule, in our opinion, was announced by our Supreme Court in Houston & T. C. Ry. Co. v. City of Dallas, 98 Tex. 396, 84 S.W. 648, 654, 70 L.R.A. 850, where the Court, among other things, said: "The reasonableness or unreasonableness of many ordinances will appear on their faces, and the court may, upon mere inspection, pronounce them to be valid or invalid. In others the question may depend upon their operation upon particular persons or conditions of fact which cannot be known to the court until made to appear by evidence. Their effect may be just and reasonable in general, but in particular instances may be arbitrary and oppressive to the extent of invading fundamental rights. Evison v. Chicago, etc., Ry. Co. [45 Minn. 370], 48 N.W. 6, 11 L.R.A. 436; State v. City of Trenton [53 N.J.L. 132], 20 A. 1076, 11 L.R.A. 412. In such cases the court can only determine as to the validity or invalidity of the ordinance when the facts upon which the question depends are established; and, if they are in dispute, they are to be determined like other matters of fact. * * * Coming to the case made by the answer, we see that it puts in issue the very fact the existence of which is assumed in the effort to abolish these crossings, which is the existence of danger to the public caused by them, and to be remedied by the proposed change. * * * If it be true that there is to be no benefit to the public from the proposed change, or a benefit which is inconsiderable when compared with the detriment to be suffered by the respondent, who will say that it is just and reasonable to subject respondent to such expense and loss as is averred?"

In the case of City of West University Place v. Ellis, 134 Tex. 222, 134 S.W.2d 1038, 1040, the Supreme Court, speaking through the Commission of Appeals, said: "The Court of Civil Appeals appears to have placed its decision upon the ground 'that appellee's proof must be taken to have established, as a matter of fact, that his lot was in the de facto business area of the community at the time the zoning ordinance was adopted' and consequently the restricting of such property to residential purposes, for which it was not suited, was, as to said property unreasonable, discriminatory and arbitrary. The trial court filed no findings of fact and conclusions of law, and if its judgment may be sustained upon any reasonable theory supported by the law and the facts, it should be upheld." Also see Munger Oil & Cotton Co. v. City of Groesbeck, Tex.Civ.App., 194 S.W. 1121; City of West University Place v. Ellis, Tex.Civ.App., 118 S.W.2d 907.

So, in view of the evidence adduced, we conclude that, the issue above discussed should have been submitted.

Plaintiff also contends that there was no public necessity for a change of the

small area, including the lot recently purchased by him, from a manufacturing to a dwelling district; that same was not made for the purpose of promoting, and had no relation to, the health, safety, morals, or general welfare, but was at the behest of and to gratify certain citizens who objected to the maintenance of plaintiff's business upon the newly acquired lot.

We think the evidence tended to support this contention. The relatively small area, including plaintiff's property, changed by spot zoning from a manufacturing to a dwelling district; the fact as testified to by Major Dupont Lyon (who was connected and fully conversant with zoning from its birth in the City of Sherman) to the effect that there had been no change in the general condition of the city, and the fact, that, the Zoning Commission, to whom was presented the petition of citizens, asking that the area in question be zoned as dwelling property, failed to make any recommendation to the City Commission either in favor of or against granting the prayer of the petitioners, simply recommended that the City Commission determine the wishes of the owners of property in the adjoining area affected by the proposed change; these and a variety of other facts and circumstances revealed by the record, not necessary to be mentioned in this connection, in our opinion, tended to support plaintiff's contention, rendering the submission of the issue imperative.

■ The original zoning ordinance of the City of Sherman was adopted only after public hearings, painstaking investigation and mature consideration. The comprehensive scheme necessarily had a future outlook and was invested with a degree of permanency that properly could not be disturbed by an amendment, unless the character and use of the district or surrounding area have so changed that the public's health, morals, safety and general welfare demand it, but not merely because someone wants it done, or thinks it ought to be done.

In the case of Wilcox v. City of Pittsburgh, 3 Cir., 121 F.2d 835, 837, a zoning case, among other things, the court said: "As conditions are the basis and justification for zoning, clearly a change in the former is essential to a change in the latter. * * * The relevancy of conditions to the purpose of zoning, is so obvious that a change therein has been held to make original zoning restrictions invalid." In the case of Phipps v. City of Chicago, 339 Ill. 315, 171 N.E. 289, 293, the Supreme Court

of Illinois, having before it a case very similar on the facts to the instant case, had this to say: "When appellant passed the original zoning ordinance its powers were not exhausted. It could amend the ordinance. But the power to amend was not arbitrary and could not be exercised merely because someone wanted it done or thought it ought to be done. It could only be exercised when the public good demanded or required that the amendment be made. When appellees bought the land they had a right to rely upon the classification which existed at the time the purchase was made. They also had a right to rely upon the rule of law that the classification would not be changed unless the change was required for the public good. * * * There was evidence tending to show that the amendment was made because certain parties wanted it made so they could build more buildings for residence purposes. When all the facts contained in the stipulation are considered they do not show such a requirement for the public good as justified the amendment to the classification. The amended ordinance was unreasonable, and invaded the rights of appellees without justification." The same court made a similar holding in Kennedy v. City of Evanston, 348 Ill. 426, 181 N.E. 312; also, see Leahy v. Inspector of Bldgs., 308 Mass. 128, 31 N.E.2d 436.

So, without further comment, we hold that the court erred in taking the case from the jury and in instructing a verdict for the defendants, hence the judgment below is reversed, and the case remanded for further proceedings.

Reversed and remanded.

BOND, Chief Justice (concurring).

I am in accord with the reversal and remand of this cause solely on the ground that the trial court erred in giving an instructed verdict for the defendant at the conclusion of plaintiff's testimony; but I am not in accord with the reasoning of the opinion, that the record presents, or tends to present, a fact issue for the determination of the jury.

Whether an ordinance excluding business and trades from residential districts is reasonable, and whether the power conferred on the city authorities is exercised arbitrarily are questions for courts to determine as a matter of law, and are not for jury verdicts. Courts may determine whether or not it appears that the governing body of a city acted arbitrarily, but when

the facts are fairly debatable, legislative judgment of the legally constituted board must prevail.

The record here shows the property involved is, as a matter of law, business property, wholly unsuited for residential purposes, and that the city, in zoning it for residential purposes, acted arbitrarily for the sole benefit of nearby neighbors, and not for the purpose of promoting the general welfare of the community. No debatable fact is here presented; therefore, on another trial, in the absence of any testimony to the contrary, plaintiff would be entitled to an instructed verdict. If it can be said that the evidence raises the issue of any of the material facts upon which the city authorities refused the permit, then the law delegates to the city authorities, and not to the courts or juries, the power and duty of determining those facts, in the exercise of a purely governmental function. Whether a particular ordinance is reasonable or arbitrary is a question of law for the court, and not for the jury. Sansom v. Mercer, 68 Tex. 488, 492, 5 S.W. 62, 2, Am.St.Rep. 505; Riggins v. Richards, Tex.Civ.App., 79 S.W. 84; King v. Guerra, Tex.Civ.App., 1 S.W.2d 373; City of University Park v. Hoblitzelle, Tex.Civ.App., 150 S.W.2d 169.

The Supreme Court of Texas not only refused a writ of error, but has quoted approvingly from the case of King v. Guerra, in which the Court of Civil Appeals, at San Antonio, made it quite clear that the findings of a jury cannot be substituted for those of the governing body, and that the court must uphold the validity of the discretionary and legislative acts of the city officials until and unless it appears, as a matter of law, that there is no opportunity for any conclusion other than that the acts are manifestly and palpably unreasonable, arbitrary and capricious. Judge Gaines, in the Sansom case, held that if there is any controversy as to the existence of the facts upon which the board denied the requested permit, the function of the board was discretionary, and that it cannot be compelled to grant the permit. So, also, in the Riggins case, Judge Key said [79 S.W. 86]: "Human wisdom has never devised a system of government that did not vest final authority in one or more persons; and when that authority involves discretion, and has been exercised, the courts are powerless to grant relief, however unwisely or unjustly it may have been done." In the Hoblitzelle case, this Court held that it was the right and duty of the city au-

thorities to consider and determine the matter, where the material facts are debatable.

I am in accord with the majority to the extent of reversing and remanding the cause, but not that the record here presents an issue of fact for the determination of the jury. So, on another trial, if the facts are as disclosed by this record, plaintiff's right to the permit is established as a matter of law. In cases of this kind, there are no jury issues where the facts are undisputed, or the issues debatable.