**Harry THOMPSON et al., Petitioners,**

v.

**CITY OF PALESTINE et al., Respondents.**

**No. B–4398.**

Supreme Court of Texas.

June 5, 1974.

Paxton, Whitaker & Parsons, Melvin D. Whitaker, Palestine, for petitioners.

A. D. Henderson, Palestine, for respondents.

DANIEL, Justice.

Petitioners are neighborhood property owners who appeal from judgments in favor of the City of Palestine upholding the validity of an amendatory zoning ordinance. As plaintiffs below, Harry L. Thompson, et al, sought to have the City's Ordinance No. 36-72, declared void and to enjoin its enforcement on the grounds that its attempted rezoning of a 4.1 acre tract within an area previously zoned for residential purposes amounted to proscribed spot zoning. The owner of the tract, and holders of an option to purchase it, intervened as defendants and sought to uphold the rezoning.

The trial court, sitting without a jury, denied the relief sought by plaintiffs. No findings of fact or conclusions of law were made. The Court of Civil Appeals affirmed. 502 S.W.2d 570. We reverse the judgments of the courts below and render judgment in favor of plaintiffs.

The facts are fully set forth in the opinion of the Court of Civil Appeals. We shall summarize rather than repeat them in detail. On September 26, 1960, the City of Palestine enacted Ordinance No. 23-60 as its basic comprehensive zoning ordinance. The property at issue is a 4.1 acre tract, rectangular in shape, at the intersection of Crockett Road and Huffsmith Street;

bounded on the north by Huffsmith Street and on the east by Crockett Road, which is also U. S. Highway 287 and State Highway 19. It is generally located in the southwest part of the southeast quadrant of the City, which area (including the tract at issue) was almost totally zoned for residential purposes by the 1960 ordinance. The tract is in the largest single residential area, which contains the nicer homes of the City. In 1960, two houses were located on the tract in question. They were removed by the owner in 1963. The tract is now vacant, and there was testimony on behalf of the City that it is not now suitable for residential purposes; that its highest and best use now is commercial; and that a proposed shopping center at the location would be a convenience to the surrounding residential area.

Although Crockett Road was in 1960, and is now, a heavily traveled State and Federal highway running in a northerly direction through this residentially zoned area, there are no non-conforming uses in the area except a church which predated the 1960 zoning, and a small beauty shop operated from a residence on a side street which intersects Crockett Road five blocks north of the tract in question. Surrounding the tract are residences for seven blocks to the north, five to six blocks west, ten to twelve blocks east, and six blocks south. Immediately to the north, across Huffsmith Street is a group of trees on a corner lot which lies between Huffsmith and the residence of one of the plaintiffs.

This is the third attempt to rezone the tract in question for commercial purposes. The first was an abortive attempt in 1965. Then on December 9, 1968, the original comprehensive zoning ordinance was amended, for the stated purpose of establishing a new comprehensive zoning plan. It left as residential the area surrounding the tract in question but purported to rezone the 4.1 acres as "PD–NS–2," being an abbreviation for Planned Development Dis-trict–Neighborhood Service. In July of 1972 the District Court of Anderson County held the 1968 ordinance void insofar as it affected the 4.1 acre tract on the basis of inadequate notice, and held that the tract was still "residential" under the City's 1960 comprehensive zoning ordinance. On August 17, 1972, the City passed the ordinance now in controversy, once again designating the tract as "PD–NS–2," under which the Court of Civil Appeals notes that it could be put to approximately 101 possible uses, ranging from multi-family dwellings and trailer camp or mobile home park to a warehouse or office center. At the time of trial, the City had approved the owners' plans for a shopping center on the tract.

At the outset it should be noted that this Court has consistently recognized that the adoption of a zoning ordinance by a city's governing body in accordance with Article 1011a et seq., is an exercise of its legislative discretion and therefore is presumed to be valid.[1] City of University Park v. Benners, 485 S.W.2d 773 (Tex. 1972); Hunt v. City of San Antonio, 462 S.W.2d 536 (Tex.1971); City of Waxahachie v. Watkins, 154 Tex. 206, 275 S.W. 2d 477 (1955). We have also held that an "extraordinary burden" rests on the party attacking the ordinance to show that no conclusive or even controversial issuable facts or conditions exist which would authorize the City Council to exercise the discretion confided to it, and that if reasonable minds may differ as to whether or not a particular zoning ordinance has a substantial relationship to the public health, safety, morals or general welfare, no clear abuse of discretion is shown and the ordinance must stand as a valid exercise of the city's police power. Hunt v. City of San Antonio, supra; City of Waxahachie v. Watkins, supra. However, Article 1011a et seq., and our above mentioned holdings thereunder, relate to comprehensive zoning plans and how the regulations, restrictions,

---

1. Statutory references herein are to Vernon's Annotated Civil Statutes.

and boundaries may be modified. Article 1011c requires that "such regulations shall be made in accordance with a comprehensive plan. . . ."

■ We have applied the above legal principles in passing upon the validity of amendatory zoning ordinances when they comply with the statute and treat like property alike. City of University Park v. Benners, supra. On the other hand, this Court has condemned spot zoning, where a small area is singled out for different treatment from that accorded to similar surrounding land without any showing of justifiable changes in conditions, and especially when such preferential treatment is given in an amendatory ordinance which is contrary to a long-established comprehensive zoning plan. We do not presume the validity of such spot zoning. On the contrary, it has been held that any presumption that such an amendatory ordinance is valid "disappears if it is shown that a city acted arbitrarily rather than on the basis of changed conditions." Hunt v. City of San Antonio, supra; Weaver v. Ham, 149 Tex. 309, 232 S.W.2d 704 (1950).

This case is controlled by our decision in Hunt, supra. The facts are very similar. The plaintiffs have discharged their burden in showing that the City arbitrarily rezoned the particular spot of land in controversy without sufficient changes in conditions to justify its special treatment contrary to the comprehensive zoning ordinance of 1960. Witnesses for the City admitted that no changes in conditions in the affected area were considered in arriving at the Planning Commission's recommendations and the Council's action. The Court of Civil Appeals mentions changes on the tract itself; that it was vacant, growing up in weeds, and had commercial rather than residential type curbs. These were brought about by the owners themselves and are hardly the type of changes that are relevant. This seems to be recognized by the intermediate Court, because it finally concluded that the "most significant

changes that have occurred between 1960 and 1962 are those involving the widening of Crockett Road." As a basis for its decision, the Court pointed out that in 1968 Crockett Road was widened from two to four lanes, including a parking lane on each side of the road; that the street lighting had been changed to commercial type lighting; and that there had been a substantial increase in traffic from 1963 to the time of trial. Except for the inconsequential street light improvements, these are precisely the type of changes in conditions which were held in Hunt, supra, as "insufficient to justify the rezoning of a single 'spot' of land" along San Pedro Street in San Antonio.

In Hunt it was shown that San Pedro Street had been widened to accomodate four lanes of traffic and that there had been a substantial increase in traffic on San Pedro in the vicinity of the two lots fronting on that street which had been rezoned from residential to commercial uses. San Pedro is also a main thoroughfare and is a part of U.S. Highway 281. If there had been a substantial rezoning on all property similarly situated on San Pedro in San Antonio or on Crockett Road in Palestine, rather than spot zoning, situations might have been presented nearer to those in which amendatory rezoning was upheld in City of University Park v. Benners, supra, and Clesi v. Northwest Dallas Improvement Ass'n., 263 S.W.2d 820 (Tex. Civ.App., 1953, writ ref. n. r. e.). The latter was clearly distinguished from Hunt in the opinion in Hunt v. City of San Antonio, supra, and the former was likewise distinguished in the opinion of this Court in the Benners case.

■ Clearly, this case presents the same type of spot zoning as was condemned by this Court in Hunt and Weaver v. Ham, supra. Considering all of the evidence favorable to the judgment in behalf of the City and disregarding all evidence in conflict therewith, we are left with undisputed facts which compel us to hold as a matter

 

of law, as in *Hunt,* that the arbitrary spot zoning of this particular tract by the City was void.

Accordingly, the judgments of the lower courts are reversed and judgment is rendered for plaintiffs as prayed for in the trial court.