The CITY OF TEXARKANA, Texas, and Valentine A. Lukas, Appellants,

v.

Jasper S. HOWARD and Wife, Peggy Howard, Et. Al., Appellees.

No. 8999.

Court of Appeals of Texas, Texarkana.

March 30, 1982.

Rehearing Denied April 27, 1982.

Paul Higgins, City Atty., James Gallman, Jr., Asst. City Atty., Harry B. Friedman, Harkness, Friedman, Kusin & Britt, Texarkana, for appellants.

Phillip N. Cockrell, Hubbard, Patton, Peek, Haltom & Roberts, Texarkana, for appellees.

BLEIL, Justice.

Jasper Howard and other landowners sued the City of Texarkana and Valentine Lukas, asking that an ordinance amending the comprehensive zoning plan be declared invalid. A trial before the court resulted in a judgment invalidating the amendatory ordinance on the basis that its enactment was unjustifiable spot zoning. We affirm.

In September, 1970, the City enacted a comprehensive zoning ordinance dividing Texarkana into seventeen zoning districts. On November 27, 1972, the tract of land owned by Valentine Lukas and the sur-

rounding tracts were annexed into the City. They were placed in an agricultural zoning district. When used for residential purposes, building was restricted to single family residences on at least one acre. In December, 1979, the City adopted an ordinance amending the zoning of the Lukas tract to allow for multiple family living units. This was done at the request of Valentine Lukas who proposed to build an 80 or 90 unit apartment complex. The Lukas tract is 5.98 acres. Contiguous tracts range from one acre to twenty acres.

Lukas and the City do not present a point of error challenging the sufficiency of the evidence to support the trial court's detailed findings of fact. Among its findings were that from the time of the comprehensive plan to the date of the amending ordinance there was no substantial change in the property rezoned; that no City services had been extended to the area; that the change in zoning of the Lukas tract would adversely impact the neighboring lands which have been developed as single-family residential tracts; and that no public demand or necessity for the change was shown.

■ We follow certain guidelines in our review of a zoning ordinance case. The adoption and amendment of a zoning ordinance is a legislative function. Therefore we presume a rezoning ordinance is valid. *Thompson v. City of Palestine*, 510 S.W.2d 579 (Tex.1974); *City of University Park v. Benners*, 485 S.W.2d 773 (Tex.1972); *Hunt v. City of San Antonio*, 462 S.W.2d 536 (Tex.1971). And, if the evidence before the court establishes that reasonable minds could differ over whether a rezoning ordinance is in the interest of the health, safety, and welfare of the community we generally must uphold the ordinance. However, special rules exist for spot zoning cases. We uphold a spot zoning only if changes have occurred that justify treatment of a small area different from the surrounding land. *Thompson v. City of Palestine*, supra. When a rezoning ordinance singles out a small area for treatment different from that given the similar surrounding land, the presumption of validity ordinarily extended

to zoning ordinances disappears. *Harris, Rezoning—Should It Be a Legislative or Judicial Function?*, 31 Baylor L.Rev. 409, 412 (1979).

The term, spot zoning, connotes an unacceptable amendatory ordinance that singles out a small tract for treatment different from that accorded similar surrounding land without proof of changes in condition. It is piecemeal zoning which tends to defeat an established comprehensive plan; it is uniformly denied when there is substantial adverse impact upon the surrounding land. *City of Pharr v. Tippitt*, 616 S.W.2d 173 (Tex.1981). The threshold question before us is whether the amendatory ordinance constitutes spot zoning as found by the trial court.

■ The amendatory ordinance singled out a 5.98 acre tract for treatment different from that accorded similar surrounding land without proof of changes in conditions. This action appears to be the precise type proscribed. However, Lukas and the City point us to certain factual differences.

■ They contend that the Lukas property cannot be considered a small tract because it is almost 6 acres. This argument misses the point. Although the size of the tract is important it is not the actual size that is critical. Rather, it is the size of the rezoned tract in relation to the affected neighboring lands that is most significant. *City of Pharr v. Tippitt*, supra. When the 6 acre Lukas tract is compared with the neighboring lands, including tracts of 7, 9, 15, 19, 37, and 50 acres, it is a relatively small tract of land.

■ Lukas and the City further contend that if the trial court correctly concluded that the rezoning constituted spot zoning, it is not unjustifiable because of sufficient changed conditions to warrant rezoning of the property. This argument assumes facts which the evidence before the city council and the trial court does not support. Based upon the evidence before it the trial court properly concluded that there was no substantial evidence of changed conditions which might justify treatment of the Lukas tract different from the surrounding lands.

The Supreme Court in *Tippitt* set forth certain principles to be looked at so that *ad hoc* decisions might be avoided. First, a comprehensive zoning ordinance is law that binds the municipality itself. Second, the nature and degree of an adverse impact upon neighboring lands is important. Third, the suitability of a tract for present use is important. Fourth, the amendatory ordinance must bear a substantial relationship to the public health, safety, morals, or general welfare.

■ Application of the last three criteria is helpful in this instance. The adverse impact upon the lands neighboring the Lukas tract would be substantial. A single-family residential neighborhood can be destroyed by the coming of an apartment house. The increase in density of people, automobiles, and the accompanying traffic and noise can detract from the neighborhood until the area's desirability as a place of residence is destroyed. *Weaver v. Ham*, 149 Tex. 309, 232 S.W.2d 704 (1950); *Village of Euclid, Ohio v. Ambler Realty Co.*, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926). The suitability of the tract for use as presently zoned is unquestioned. Mr. Lukas has maintained his residence on the property for many years and plans to stay. And, on this record, the trial court properly concluded that the amendatory ordinance bore no substantial relationship to the health, safety, morals or general welfare of the community. Although the evidence before the court did indicate that the Lukas tract had a water drainage problem, that this problem *might* be alleviated after rezoning, and that the City *might* extend water and sewer to the tract after rezoning, it did not show that any benefit to the community would be derived from the rezoning of the Lukas tract.

We uphold the trial court's conclusion that the rezoning ordinance constituted unjustifiable spot zoning. We overrule all points of error raised on this appeal.

We affirm the trial court's judgment.