**CITY OF SAN ANTONIO, Appellant,**

v.

**ARDEN ENCINO PARTNERS, LTD., Appellee.**

No. 04–01–00008–CV.

Court of Appeals of Texas, San Antonio.

March 12, 2003.

Deborah L. Klein, Assistant City Attorney, Litigation Division, San Antonio, for Appellant.

Seagal V. Wheatley, Julia W. Mann, Jenkens & Gilchrist, P.C., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice,[1] PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

## ON MOTION FOR REHEARING

Opinion by PAUL W. GREEN, Justice.

The motion for rehearing of appellant Arden Encino Partners, Ltd. is denied. However, the opinion and judgment issued on June 12, 2002 are withdrawn and the following is substituted.

The trial court granted summary judgment to Arden Encino Partners, Ltd. (AEP) and permanently enjoined the City of San Antonio from implementing a zoning change to AEP's property. On appeal, the City claims the summary judgment was improper because AEP failed to carry its summary judgment burden. We agree with the City and reverse the trial court's judgment.

## Background

In 1985, the City zoned a certain 22.453 acre tract of land located in far north San Antonio as B–2, a designation which allows the development of multi-family apartment complexes. AEP acquired the property in 1994. In September 1999, a tract of land near the AEP property was rezoned from Temporary R–1, single-family residence use, to B–2. Previously, this zoning change proposal had spurred some nearby homeowners into action to oppose the change. But at a town hall meeting in the affected neighborhood, City Councilman Tim Bannwolf told the homeowners he could not break his word with the developer on the zoning change; however, he would instead seek to downzone the adjacent AEP property to O–1, a designation which prohibited apartments but allowed offices and other business development. Bannwolf was as good as his word, and in November, the City passed an ordinance downzoning the AEP property.

As a result of this action, AEP filed a petition for declaratory judgment and for permanent injunction, asserting the City had no legitimate public concerns warranting a change in zoning. AEP claims Bannwolf's only motive for proposing the change was that he had supported another developer's apartment complex in the same area and was trying to accommodate the concerns of a few disgruntled local homeowners. AEP also alleges the change amounts to impermissible "spot zoning." The trial court granted the relief sought by AEP.

## Standard of Review

We review a summary judgment *de novo*. *Valores Corporativos, S.A. de C.V.*

---

1. Hardberger, Chief Justice, Retired, not participating.

630

*v. McLane Co.,* 945 S.W.2d 160, 162 (Tex. App.-San Antonio 1997, writ denied). Accordingly, we will uphold a summary judgment only if the summary judgment record establishes the absence of a genuine issue of material fact, and the movant is entitled to judgment as a matter of law on a ground set forth in the motion. *Id.;* Tex.R. Civ. P. 166a (c). In deciding whether the summary judgment record raises a genuine issue of material fact, we view as true all evidence favorable to the non-movant and indulge every reasonable inference, and resolve all doubts, in his favor. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

## Discussion

 Zoning is a legislative function of municipal government. *City of Pharr v. Tippitt,* 616 S.W.2d 173, 175 (Tex.1981). Thus, the courts must give deference to the city's action such that, "[i]f reasonable minds may differ as to whether or not a particular zoning ordinance has a substantial relationship to the public health, safety, morals or general welfare, no clear abuse of discretion is shown and the ordinance must stand as a valid exercise of the city's police power." *Id.* at 176. No property owner has a vested interest in particular zoning classifications, and a city may rezone as public necessity demands. *City of University Park v. Benners,* 485 S.W.2d 773, 778 (Tex.1972); *Williamson Pointe Venture v. City of Austin,* 912 S.W.2d 340, 343 (Tex.App.-Austin 1995, no writ). A zoning ordinance is presumed valid, and the burden is on the one seeking to pre-

vent its enforcement to prove the ordinance is arbitrary or unreasonable because it bears no substantial relationship to the public health, safety, morals or general welfare. *Tippitt,* 616 S.W.2d at 176. This extraordinary burden requires the complainant to show "that no conclusive, or even fairly issuable facts or conditions exist in support of [the city's] exercise of the police power." *Benners,* 485 S.W.2d at 779. "Courts may not interfere unless a challenged ordinance is shown to represent a clear abuse of municipal discretion or unless there is conclusive evidence that a zoning ordinance is arbitrary either generally or as to particular property." *Id.* The complainant has the same burden when seeking a summary judgment to invalidate an ordinance. *Id.* at 776.

 Determining the reasonableness of a zoning ordinance is a question of law for the court. *Houston & T.C. Ry. Co. v. City of Dallas,* 98 Tex. 396, 84 S.W. 648, 653 (Tex.1905). However, if the facts upon which that determination depends are in dispute, "they are to be determined like other matters of fact." *Id.* at 654. Therefore, to defeat summary judgment, the proponent of the zoning ordinance need only show some evidence of facts that tend to support passage of the ordinance.[2]

### Substantial Relationship to Legitimate Public Interests

 In its response to AEP's motion for summary judgment, the City presented the minutes from the council meeting approving the downzoning, along with excerpts from the depositions of Councilman

2. *See Benners,* 485 S.W.2d at 781. A city council's decision need not be based on what is presented at the zoning hearing. Instead, after all parties have had an opportunity to be heard, the council may act on its own knowledge of the community and its own appraisal of the public welfare. *T & R Assoc., Inc. v. City of Amarillo,* 688 S.W.2d 622, 627 (Tex. App.-Amarillo 1985, writ ref'd n.r.e.). Accordingly, we are not concerned solely with what facts were presented to the council at the time of the vote, but whether facts exist, as developed in the record, that would support passage of the ordinance. *City of Glenn Heights v. Sheffield Dev. Co., Inc.,* 61 S.W.3d 634, 645 (Tex.App.-Waco 2001, pet. granted).

Bannwolf and former Mayor Howard Peak.[3] The minutes reflect three citizens spoke in favor of the downzoning to prevent overdevelopment of the Encino Park area, including: (1) the need for an appropriate buffer zone for the residential area, (2) aversion to placement of a three-story apartment building overlooking family residences, and (3) the collection of approximately 1,100 signatures from area residents opposed to apartment development on the tract. Councilman Bannwolf also spoke, noting the B–2 zoning did not reflect the original development plan for the area and downzoning the property to O–1 would be in line with the light commercial development originally proposed. Both Councilman Bannwolf[4] and Mayor Peak, Bannwolf's council predecessor for the Encino Park area, testified they were familiar with growth in the area, resulting in congested and dangerous traffic conditions around the ingress and egress points of the community to Highway 281 and stress on city services.

A map of the disputed property provided by AEP shows its property is located adjacent to the established Encino Park residential area. Property west of AEP's tract and immediately adjacent to Hwy. 281 is zoned B–3. Property south of AEP's tract and immediately adjacent to Hwy. 281 was recently rezoned from R–1 to B–2.

Other property similarly situated to AEP's property is zoned O–1.

■ The evidence presented by the City raises arguable issues of fact regarding potential adverse effects on the adjacent family homes, as well as congested and dangerous traffic conditions in the neighborhood that would be exacerbated by the development of a multi-family apartment complex on the AEP property. This evidence is sufficient to overcome summary judgment because AEP failed to meet its burden to show there are *no* conclusive or even controversial issuable facts or conditions supporting the City's exercise of its zoning authority. *See Thompson v. City of Palestine*, 510 S.W.2d 579, 582 (Tex.1974) (discussing zoning opponent's·burden of proof); *Bell v. City of Waco*, 835 S.W.2d 211, 215 (Tex.App.-Waco 1992, writ denied) (landowner did not discharge his burden to show ordinance was arbitrary, capricious, or unreasonable).

### Spot Zoning

■ AEP claims the downzoning of its tract is impermissible "spot zoning." "Spot zoning" occurs when "a small area is singled out for different treatment from that accorded to similar surrounding land without any showing of justifiable changes in conditions."[5] However, a city may amend its zoning ordinance even in the

---

3. AEP complains the testimony of the council members is not valid summary judgment evidence. Although we agree the subjective intent or motive for an individual legislator's vote is irrelevant to our inquiry, the testimony of Bannwolf and Peak was properly offered to set forth facts regarding the change in conditions around the rezoned property.

4. AEP complains Councilman Bannwolf had an ulterior motive for recommending the downzoning because he previously recommended rezoning a nearby property from business to multi-family and needed to appease irate residents in the area. Councilman Bannwolf's motives are irrelevant so long as

the conditions of the area support the rezoning. Further, the fact that the City rezoned a property directly abutting the interstate highway to multi-family could be construed as part of a legitimate overall plan to congregate dense, traffic-heavy development closer to the interstate, decreasing the density of development to business and then to residential as the property in question gets farther from the highway.

5. *Thompson*, 510 S.W.2d at 582. A claim of "spot zoning" is most often made when the rezoned area receives *preferential treatment* which has a substantial adverse impact on the surrounding land. *See, e.g., Tippitt*, 616

absence of a change in conditions if the amendment "bears a reasonable relation to the general welfare and to an orderly plan of zoning development." *Benners,* 485 S.W.2d at 780.

■ As previously noted, the record in this case contains some evidence of a change in conditions due to growth in the area of the rezoning. Additionally, the record indicates the rezoning resulted in the concentration of more heavily developed areas along the highway, with lighter business development acting as a buffer between the heavy commercial areas and the single family homes. Although the change to AEP's land may have some adverse impact on that property, the summary judgment record does not establish that the overall plan does not promote the good of the community. *See id.* Accordingly, AEP failed to carry its summary judgment burden to show no valid relationship between the rezoning and the public welfare.

## Conclusion

Because AEP failed to meet its heavy summary judgment burden to show there are no arguable issues of fact in support of the zoning change, we sustain the City's points of error and reverse the judgment of the trial court. We remand the case for further proceedings.

S.W.2d at 177; *Thompson,* 510 S.W.2d at 582; *City of San Antonio v. Lanier,* 542 S.W.2d 232, 235 (Tex.Civ.App.-San Antonio 1976, writ ref'd n.r.e.). However, zoning changes to relatively small parcels of land have been overturned in cases where the change in zoning had a deleterious and unwarranted effect on the property at issue without substantial value to the city's overall zoning plan. *See City of West Univ. Place v. Ellis,* 134 Tex. 222, 134 S.W.2d 1038, 1041 (Tex.1940) (single lot surrounded by businesses not suitable for residential zoning); *City of Beaumont v. Salhab,* 596 S.W.2d 536, 540–41 (Tex.Civ.App.-Beaumont 1980, writ ref'd n.r.e.) (partial tract entirely surrounded by business improperly rezoned residential); *Barrington v. City of Sherman,* 155 S.W.2d 1008, 1009–11 (Tex.Civ.App.-Dallas 1941, writ ref'd w.o.m.) (narrow strip surrounded by train tracks and business or industrial development improperly rezoned residential).