

IN THE
TENTH COURT OF APPEALS

_____

No. 10-11-00030-CV

CITY OF GATESVILLE, TEXAS,

                                                                Appellant

 v.

LARRY HUGHES AND GLENDA HUGHES,

                                                                Appellees

_____

From the 52nd District Court
Coryell County, Texas
Trial Court No. 40078

_____

## MEMORANDUM  OPINION
_____

Larry and Glenda Hughes filed suit against the City of Gatesville seeking a declaratory judgment to invalidate the City's zoning ordinance.  The zoning ordinance reclassified certain property from single family residential to community facility.  The trial court entered judgment declaring the ordinance void.  The trial court permanently enjoined the City from enforcing the ordinance.  The trial court further declared that the property in question be zoned as single family residential.  The City appeals from the trial court's judgment.  We reverse the judgment of the trial court.

## Background Facts

The property in question is known as the Rotunda and is located in the City of Gatesville. For many years the property operated as a nursing home facility. The Rotunda was in use as a nursing home facility at the time the property was zoned as single family residential in 1995. The Rotunda ceased operating in approximately 2000. The parties agree that the Rotunda property is in a state of disrepair and is a public nuisance. The Rotunda is littered with graffiti, has broken windows, exposed insulation, and the ceilings are beginning to fall.

The City, Coryell County, and Gatesville Independent School District acquired the Rotunda property through tax foreclosure. The property was later conveyed solely to the City. It was discovered that the Rotunda contained asbestos, and abatement of the property was more expensive than the City anticipated. The City sought a grant to assist in having the property abated. The City would receive more "points" in receiving the grant if the project would benefit the community.

The City and the Boys and Girls Club discussed the possibility of the Club building a recreation center on the property. The property would need to be rezoned as a community facility in order for the Club to operate a recreation facility on the property.

Larry and Glenda Hughes own a home on Lover's Lane near the Rotunda. The home is located on 134 acres of land that has been in the Hughes's family for many years. Larry and Glenda remodeled the house approximately fifteen years ago. In October 2009, the Hughes bought a house next door to the Rotunda. Larry testified that

they took up permanent residence in the house next door to the Rotunda in July 2010. However, Larry and Glenda still own the house on Lover's Lane and claim that home as their homestead. Larry and Glenda opposed the rezoning of the Rotunda property.

## Analysis

In the first issue on appeal, the City argues that the zoning ordinance did not constitute illegal spot zoning. "Spot zoning" occurs when a small area is singled out for different treatment from that accorded to similar surrounding land without any showing of justifiable changes in conditions. *City of Pharr v. Tippitt,* 616 S.W.2d 173, 175 (Tex. 1981). The term is not a word of art, rather it is descriptive of the process of singling out a small parcel of land for use classification different and inconsistent with that of the surrounding area, for the benefit of the owner of such property and to the detriment of the rights of other property owners. *Burkett v. City of Texarkana*, 500 S.W.2d 242, 244 (Tex. App.—Texarkana 1973, writ ref'd n.r.e.).

Zoning is an exercise of a municipality's legislative powers. *City of Pharr v. Tippitt,* 616 S.W.2d at 175. If reasonable minds may differ as to whether or not a particular zoning ordinance has a substantial relationship to the public health, safety, morals or general welfare, no clear abuse of discretion is shown and the ordinance must stand as a valid exercise of the city's police power. *City of Pharr v. Tippitt,* 616 S.W.2d at 176; *City of University Park v. Benners*, 485 S.W.2d 773 (Tex. 1972); *Hunt v. City of San Antonio*, 462 S.W.2d 536, 539 (Tex. 1971).

A zoning ordinance is presumed to be valid and the burden is on the one seeking to prevent its enforcement, whether generally or as to particular property, to prove that

the ordinance is arbitrary or unreasonable in that it bears no substantial relationship to the health, safety, morals or general welfare of the community. *City of Pharr v. Tippitt*, 616 S.W.2d at 176; *Thompson v. City of Palestine*, 510 S.W.2d 579, 581 (Tex. 1974). An "extraordinary burden" rests on the party attacking the ordinance. *Thompson v. City of Palestine*, 510 S.W.2d at 581.

The Court set out criteria for reviewing zoning ordinances and amendments in *City of Pharr v. Tippitt.*

1. The approved zoning plan should be respected and not altered for the special benefit of the landowner when the change will cause substantial detriment to the surrounding lands or serve no substantial purpose.

2. The nature and degree of an adverse impact upon neighboring lands is important.

3. The suitability or unsuitability of the tract for use as presently zoned is a factor to be considered.

4. The amendatory ordinance must bear a substantial relationship to the public health, safety, morals or general welfare or protect and preserve historical and cultural places and areas.

*See City of Pharr v. Tippitt,* 616 S.W.2d at 176-177.

**Substantial Detriment to Surrounding Lands**

The most recent use of the Rotunda property was as a nursing home facility. The use of the property was consistent with that of a community facility. Therefore, the amendment will not cause a substantial detriment to the surrounding lands. The City

owns the land, and the amendment was not for the special benefit of a landowner. The amendment serves a substantial purpose in helping the City acquire more points on a grant to help with the removal of asbestos.

**Adverse Impact Upon Neighboring Lands**

Lots that are rezoned in a way that is substantially inconsistent with the zoning of the surrounding area, whether more or less restrictive, are likely to be invalid. *City of Pharr v. Tippitt,* 616 S.W.2d at 177. The Rotunda property consists of four lots and the property immediately contiguous to the Rotunda is zoned as single family residential. However, a half block from the Rotunda is the school bus barn where school buses are stored. There is an elementary school located across from the bus barn. These properties are both zoned as community facility.

The Rotunda is located approximately two blocks from the business district for the City. An Atmos gas company facility is located "catty-corner" from the Rotunda. That property is zoned as single family residential, but is in use as business commercial. The zoning amendment is consistent with the previous use of the property and the surrounding area.

**Suitability or Unsuitability as Presently Zoned**

Although previously zoned as single family residential, the Rotunda property was also previously used as a community facility. There is no evidence that the Rotunda property has ever been used for single family residential purposes. The building on the property contains asbestos. Use of the property as single family residential would require appropriate removal of the asbestos and the nursing home

facility. The City is in a better position to receive grants to aid in the removal of the asbestos if the property is zoned as community facility. The location, previous use, and condition of the property make it more suitable as a community facility.

**Relationship to Public Health, Safety, Morals or General Welfare**

The property has deteriorated and is in a state of disrepair. In addition to the asbestos, the ceiling of the building is caving in and the windows are broken out. The property has been vandalized and is an eyesore in the community. The city manager testified that the property is unsafe. The removal of the deteriorating building and asbestos would benefit the general welfare of the community. As previously stated, the City sought grants to help with the costs of abating asbestos hazard on the property and would receive more favorable consideration if the property is zoned for the benefit of the community. A rezoning ordinance may be justified if a substantial public need exists, even if the private owner of the tract would also benefit. *City of Pharr v. Tippitt,* 616 S.W.2d at 177. The zoning amendment bears a substantial relationship to the public health, safety, morals, or general welfare.

Applying the criteria as set out in *City of Pharr v. Tippitt,* the Hughes did not meet their extraordinary burden to prove that the City acted unreasonably or arbitrarily in enacting the zoning ordinance. *See City of Pharr v. Tippitt,* 616 S.W.2d at 179. The zoning ordinance bears a reasonable relation to the general welfare, and the City could make the amendment without showing a change in conditions. *See City of San Antonio v. Arden Encino Partners, Ltd.,* 103 S.W.3d 627, 632 (Tex. App.—San Antonio 2003, no pet.); *Burkett v. City of Texarkana,* 500 S.W.2d at 245. We find that the zoning ordinance

is valid and is not impermissible spot zoning. We sustain the City's first issue on appeal. Having found that the zoning ordinance is valid and that the Hughes did not meet their extraordinary burden to show that the ordinance was unreasonable or arbitrary, we need not address the City's remaining issues on appeal. TEX. R. APP. P. 47.1.

## Conclusion

We reverse the trial court's judgment declaring the Ordinance Number 2010-07 to be void and permanently enjoining the City of Gatesville from enforcing the Ordinance. We render judgment that Ordinance Number 2010-07, adopted September 14, 2010, is valid and may be enforced by the City of Gatesville.


AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Reversed and rendered
Opinion delivered and filed August 17, 2011
[CV06]