IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-11-00030-CV

 

City of Gatesville, Texas,

                                                                                    Appellant

 v.

 

Larry Hughes and Glenda Hughes,

                                                                                    Appellees

 

 

 



From the 52nd District
Court

Coryell County, Texas

Trial Court No. 40078

 



MEMORANDUM  Opinion



 

Larry and Glenda Hughes filed suit
against the City of Gatesville seeking a declaratory judgment to invalidate the
City’s zoning ordinance.  The zoning ordinance reclassified certain property
from single family residential to community facility.  The trial court entered
judgment declaring the ordinance void.  The trial court permanently enjoined
the City from enforcing the ordinance.  The trial court further declared that
the property in question be zoned as single family residential.  The City
appeals from the trial court’s judgment.  We reverse the judgment of the trial
court.

Background Facts

            The property in question is
known as the Rotunda and is located in the City of Gatesville.  For many years
the property operated as a nursing home facility.  The Rotunda was in use as a
nursing home facility at the time the property was zoned as single family
residential in 1995.  The Rotunda ceased operating in approximately 2000.  The
parties agree that the Rotunda property is in a state of disrepair and is a
public nuisance.  The Rotunda is littered with graffiti, has broken windows,
exposed insulation, and the ceilings are beginning to fall.

            The City, Coryell County,
and Gatesville Independent School District acquired the Rotunda property
through tax foreclosure.  The property was later conveyed solely to the City.
It was discovered that the Rotunda contained asbestos, and abatement of the
property was more expensive than the City anticipated.  The City sought a grant
to assist in having the property abated.  The City would receive more “points”
in receiving the grant if the project would benefit the community.

            The City and the Boys and
Girls Club discussed the possibility of the Club building a recreation center
on the property.  The property would need to be rezoned as a community facility
in order for the Club to operate a recreation facility on the property.

            Larry and Glenda Hughes own
a home on Lover’s Lane near the Rotunda.  The home is located on 134 acres of
land that has been in the Hughes’s family for many years.  Larry and Glenda
remodeled the house approximately fifteen years ago.  In October 2009, the
Hughes bought a house next door to the Rotunda.  Larry testified that they took
up permanent residence in the house next door to the Rotunda in July 2010.
However, Larry and Glenda still own the house on Lover’s Lane and claim that
home as their homestead.  Larry and Glenda opposed the rezoning of the Rotunda
property.

Analysis

            In the first issue on
appeal, the City argues that the zoning ordinance did not constitute illegal
spot zoning. “Spot zoning” occurs when a small area is singled out for
different treatment from that accorded to similar surrounding land without any
showing of justifiable changes in conditions.  City of Pharr v. Tippitt, 616
S.W.2d 173, 175 (Tex. 1981).  The term is not a word of art, rather it is
descriptive of the process of singling out a small parcel of land for use
classification different and inconsistent with that of the surrounding area,
for the benefit of the owner of such property and to the detriment of the
rights of other property owners.  Burkett v. City of Texarkana, 500
S.W.2d 242, 244 (Tex. App.—Texarkana 1973, writ ref’d n.r.e.).

Zoning is an exercise of a
municipality's legislative powers.  City of Pharr v. Tippitt, 616 S.W.2d
at 175.  If reasonable minds may differ as to whether or not a particular
zoning ordinance has a substantial relationship to the public health, safety,
morals or general welfare, no clear abuse of discretion is shown and the
ordinance must stand as a valid exercise of the city's police power.  City
of Pharr v. Tippitt, 616 S.W.2d at 176; City of University Park v.
Benners, 485 S.W.2d 773 (Tex. 1972); Hunt v. City of San Antonio,
462 S.W.2d 536, 539 (Tex. 1971).

A zoning ordinance is presumed to be
valid and the burden is on the one seeking to prevent its enforcement, whether
generally or as to particular property, to prove that the ordinance is
arbitrary or unreasonable in that it bears no substantial relationship to the
health, safety, morals or general welfare of the community.  City of Pharr
v. Tippitt, 616 S.W.2d at 176; Thompson v. City of Palestine, 510
S.W.2d 579, 581 (Tex. 1974).  An “extraordinary burden” rests on the party
attacking the ordinance.  Thompson v. City of Palestine, 510 S.W.2d at
581.

The Court set out criteria for reviewing
zoning ordinances and amendments in City of Pharr v. Tippitt.

1.     
The approved zoning
plan should be respected and not altered for the special benefit of the
landowner when the change will cause substantial detriment to the surrounding
lands or serve no substantial purpose.

2.     
The nature and
degree of an adverse impact upon neighboring lands is important.

3.     
The suitability or
unsuitability of the tract for use as presently zoned is a factor to be
considered.

4.     
The amendatory
ordinance must bear a substantial relationship to the public health, safety,
morals or general welfare or protect and preserve historical and cultural
places and areas. 

See City of Pharr v. Tippitt, 616
S.W.2d at 176-177.

Substantial Detriment to Surrounding Lands

            The most recent use of the
Rotunda property was as a nursing home facility.  The use of the property was
consistent with that of a community facility.  Therefore, the amendment will
not cause a substantial detriment to the surrounding lands.  The City owns the
land, and the amendment was not for the special benefit of a landowner.  The
amendment serves a substantial purpose in helping the City acquire more points
on a grant to help with the removal of asbestos.

Adverse Impact Upon Neighboring Lands

            Lots that are rezoned in a
way that is substantially inconsistent with the zoning of the surrounding area,
whether more or less restrictive, are likely to be invalid.  City of Pharr
v. Tippitt, 616 S.W.2d at 177.  The Rotunda property consists of four lots
and the property immediately contiguous to the Rotunda is zoned as single
family residential.  However, a half block from the Rotunda is the school bus
barn where school buses are stored. There is an elementary school located
across from the bus barn.  These properties are both zoned as community
facility.

            The Rotunda is located
approximately two blocks from the business district for the City.  An Atmos gas
company facility is located “catty-corner” from the Rotunda.  That property is
zoned as single family residential, but is in use as business commercial. The
zoning amendment is consistent with the previous use of the property and the
surrounding area.

Suitability or Unsuitability as
Presently Zoned

            Although previously zoned as
single family residential, the Rotunda property was also previously used as a
community facility.  There is no evidence that the Rotunda property has ever
been used for single family residential purposes.  The building on the property
contains asbestos.  Use of the property as single family residential would
require appropriate removal of the asbestos and the nursing home facility.  The
City is in a better position to receive grants to aid in the removal of the
asbestos if the property is zoned as community facility.  The location, previous
use, and condition of the property make it more suitable as a community
facility.

Relationship to Public Health, Safety,
Morals or General Welfare

            The property has
deteriorated and is in a state of disrepair.  In addition to the asbestos, the
ceiling of the building is caving in and the windows are broken out.  The
property has been vandalized and is an eyesore in the community.  The city
manager testified that the property is unsafe.  The removal of the
deteriorating building and asbestos would benefit the general welfare of the
community.  As previously stated, the City sought grants to help with the costs
of abating asbestos hazard on the property and would receive more favorable
consideration if the property is zoned for the benefit of the community.  A
rezoning ordinance may be justified if a substantial public need exists, even
if the private owner of the tract would also benefit.  City of Pharr v.
Tippitt, 616 S.W.2d at 177.  The zoning amendment bears a substantial
relationship to the public health, safety, morals, or general welfare.

Applying the criteria as set out in City
of Pharr v. Tippitt, the Hughes did not meet their extraordinary burden to
prove that the City acted unreasonably or arbitrarily in enacting the zoning
ordinance.  See City of Pharr v. Tippitt, 616 S.W.2d at 179.  The
zoning ordinance bears a reasonable relation to the general welfare, and the
City could make the amendment without showing a change in conditions.  See
City of San Antonio v. Arden Encino Partners, Ltd., 103 S.W.3d 627, 632
(Tex. App.—San Antonio 2003, no pet.); Burkett v. City of Texarkana, 500
S.W.2d at 245.  We find that the zoning ordinance is valid and is not
impermissible spot zoning.  We sustain the City’s first issue on appeal. 
Having found that the zoning ordinance is valid and that the Hughes did not
meet their extraordinary burden to show that the ordinance was unreasonable or
arbitrary, we need not address the City’s remaining issues on appeal.  Tex. R. App. P. 47.1.

Conclusion

            We reverse the trial court’s
judgment declaring the Ordinance Number 2010-07 to be void and permanently
enjoining the City of Gatesville from enforcing the Ordinance.  We render
judgment that Ordinance Number 2010-07, adopted September 14, 2010, is valid
and may be enforced by the City of Gatesville.

 

                                                                        AL
SCOGGINS

                                                                        Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Reversed
and rendered

Opinion
delivered and filed August 17, 2011

[CV06]