Michael G. **BERNARD**, Byron **Filler**, Kermit **Kane**, Fred **Moss** and Richard **Whorbrey**, Appellants,

v.

**CITY OF BEDFORD** and Jess **Prideaux**, Appellees.

No. 18238.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 10, 1980.

Rehearing Denied Feb. 14, 1980.

Staples & Foster, and George A. Staples, Jr., Hurst, for appellants.

Michael R. Thomas, Fort Worth, for City of Bedford.

Dalton, Moore, Forde, Joiner & Stollenwerck, and Thomas K. Boone, Dallas, for Jess Prideaux.

OPINION

SPURLOCK, Justice.

This is a zoning case. Owners of land in the area around the subject property sued for a declaration that the ordinance rezoning the subject tract from residential to commercial is void because the rezoning constitutes spot or contract zoning in contravention of the City's comprehensive land use plan. These owners appeal the judgment of the trial court that they take nothing. The issue is whether the rezoning of the subject property was an impermissible deviation from the City's comprehensive land use plan.

We affirm.

Michael Bernard, et al., are residential homeowners in the City of Bedford. Their properties are adjacent to or in the area around a 3.5 acre triangular shape tract owned by appellee, Jess Prideaux. Prideaux's property abuts Harwood Road, a major east-west thoroughfare in the City. The landowners sued Prideaux and the City of Bedford to enjoin Prideaux from constructing a convenience store on the tract and to have Ordinance No. 85, which rezoned the tract from single family residential to commercial declared void. The case was tried without a jury. In order to understand the points of error and issues raised thereby it is instructive to briefly discuss the zoning history of the area around the subject property.

In 1967 the City employed a city planning firm to prepare a future land use plan. This plan was used as a guide by the City in enacting Ordinance No. 29 in 1968. Ordinance No. 29 adopted the then current official zoning map and thus constituted a com-

prehensive zoning ordinance. At the time Ordinance No. 29 was adopted the land use plan recommended that more commercial districts were needed. In 1970 Ordinance No. 85 was adopted which rezoned Prideaux's property from single family residential to commercial. It is undisputed that the only property affected by Ordinance No. 85 was Prideaux's tract. Between 1968 and 1970 substantially all of the property fronting Harwood Road in the area near Prideaux's tract had been rezoned from single family residential to multiple family residential or commercial.

The landowners contend the trial court erred in failing to hold Ordinance No. 85 void. The basis for this contention is their claim that Ordinance No. 85 constitutes spot zoning and as such it is void because it was not enacted pursuant to the City's comprehensive land use plan as required by Article 1011c * (1963). Article 1011c (1963) provides in pertinent part as follows:

"Such regulations [zoning ordinances] shall be made *in accordance* with a comprehensive plan and designed to . . ." (Emphasis ours.)

■ The homeowners correctly state the general rule that spot zoning, zoning a particular tract of land differently from the surrounding area without regard to a plan or design or without justification through changed conditions, is void. Thus the issue raised is whether Ordinance No. 85 was enacted in accordance with the comprehensive land use plan of the City.

■ The landowners however have characterized the main issue for decision as whether there were any changed conditions which justified the passage of Ordinance No. 85. Basic to their characterization of the issue they deem controlling is the assumption that Ordinance No. 29, the comprehensive zoning ordinance, constituted the comprehensive zoning plan for the City. Thus following their reasoning, any ordinance amending Ordinance No. 29 constitutes a deviation from the comprehensive zoning plan of the City. To be valid any

such deviation must be justified by changed conditions in the area affected by the amendatory ordinance. The landowners rely on the admissions of Prideaux in answers to interrogatories and the testimony of the City's land use planner to the effect that there has been no change in conditions as to the need for commercial districts in the area around the subject tract between the passage of Ordinance No. 29 and the passage of Ordinance No. 85. Our consideration of this case is guided by the standard for review of the validity of zoning ordinances in similar situations established by the supreme court. Zoning ordinances are presumed to be valid exercises of the legislative power of a city council. This presumption applies equally to ordinances which serve to amend a city's comprehensive zoning ordinance. The courts have no authority to interfere unless the ordinance represents a clear abuse of municipal discretion. The burden rests upon the party challenging the validity of the ordinance to show that no facts exist which would authorize the City to exercise its discretion by enacting the ordinance complained of. *Thompson v. City of Palestine,* 510 S.W.2d 579 (Tex.1974). The landowners in this case have the burden to show that the adoption of Ordinance No. 85 was a deviation from the City's comprehensive plan, and that such deviation was without justification; i. e., no changed conditions.

■ After a thorough review of the record in this case we do not find that the landowners have shown that the passage of Ordinance No. 85 was a deviation from the City's comprehensive land use plan. The findings of fact made by the trial court indicate that the trial court was also of this opinion. We find there is evidence to support these findings. From the findings it is apparent that the City used the 1967 land use plan in drafting Ordinance No. 29. The 1967 plan called for more commercial districts than then existed. Since the 1967 plan substantially all the property fronting Harwood Road in the area around the subject tract has been rezoned from single

---

* All references to Articles are to Tex.Rev.Civ. Stat.Ann.

family residential to multiple family residential or commercial. Shortly after the adoption of Ordinance No. 29 the City requested another land use plan which it received in 1971. The 1971 plan shows the subject property zoned commercial. The same sound planning factors which supported the zoning of the subject tract in the 1971 plan existed at the time Ordinance No. 85 was passed. In addition the trial court found that the rezoning of the subject tract was reasonably related to the public welfare of the City.

■ The landowners contend that Ordinance No. 29 with its adoption of the then existing official zoning map of the City constitutes its comprehensive zoning plan. They further assert that because the ordinance zoned the subject property single family residential, this was and is part of the City's comprehensive plan. We do not agree. We know of no rule of law which requires that a city adopt a comprehensive zoning ordinance which constitutes or becomes its comprehensive zoning or land use plan. Certainly Article 1011c (1963) provides no such requirement. Note that this article requires that zoning ordinances shall be made *in accordance* with a comprehensive plan. There is no requirement that a single comprehensive ordinance be passed to constitute the comprehensive plan.

If the landowners reasoning is adopted, we foresee that cities would be required to adopt a single comprehensive zoning ordinance which constitutes its comprehensive land use plan. Here the City adopted Ordinance No. 29 and its then existing zoning map as a starting point to work its land use plan. Under the facts of this case we distinguish Ordinance No. 29 as a comprehensive zoning ordinance from either a comprehensive land use plan, or a comprehensive zoning ordinance intended to be the comprehensive plan. The purpose for the requirement in Article 1011c (1963) is to make sure that city councils have some plan or design in mind when they pass zoning ordinances. In this way the welfare of the public is enhanced over the interests of certain individuals. Thus we find nothing wrong with a situation where, as here, a city council adopts an existing zoning map as a starting point, and then amends it as needed in an apparently systematic attempt to work the city's land use plan.

Note that from the above it is apparent in this case that the City did pass Ordinance No. 85 in accordance with a comprehensive plan. At any rate the landowners have failed to show the City intended Ordinance No. 29 to be its comprehensive plan. In holding that there is no requirement that a City adopt a single comprehensive zoning ordinance as a comprehensive land use plan we recognize the City's need for flexibility. Should the actual growth of the City or a change in the plan require amendment, the City should not be shackled by the existence of a comprehensive zoning ordinance which was never intended to be the plan. What is important in this case is the appearance that the ordinances were passed with forethought to a plan or design rather than being adopted in some chaotic fashion or as the result of some special interest.

■ Having decided that the ordinance complained of did not deviate from the City's comprehensive land use plan, we need not discuss whether there existed any changed conditions with respect to the subject tract. The issue of changed conditions has thus become irrelevant.

The landowners also complain the trial court erred in concluding that any irregularities in the adoption of Ordinance No. 85 were cured by the validation of the ordinance pursuant to Article 970d–26 (Supp. 1978–79). The landowners correctly state that no such statute exists. The landowners direct our attention to Article 974d–26 (Supp.1978–79) which is a validating statute. The landowners claim this statute does not apply because Bedford is a home rule rather than a general law city, and because the legislature is powerless to validate a void ordinance. Because we have held that Ordinance No. 85 is not spot or contract zoning and thus is valid, and because no complaint has been made on appeal concerning the procedural aspects of the adoption of Ordinance No. 85, we need

not discuss this issue. We overrule the landowners' point of error concerning validation because error, if any, would be at most harmless.

Also in view of our holding above we need not consider the landowners' contention that the trial court erred in holding their action barred by the four year statute of limitations. However, we have considered the point and it is overruled.

Each point of error presented in complaint of the trial court's judgment has been severally considered. Each is overruled.

The judgment of the trial court is affirmed.