The CITY OF RUSK, Appellant,

v.

Paul B. COX, et al., Appellees.

No. 12–81–0209–CV.

Court of Appeals of Texas, Tyler.

Feb. 9, 1984.

---

Steven R. Guy, Rusk, H. Louis Nichols, Saner, Jack, Sallinger & Nichols, Dallas, for appellant.

R.W. Richards, Ament, Dixon & Richards, Jacksonville, for appellees.

COLLEY, Justice.

On October 19, 1981, the court below rendered a judgment following a bench trial voiding a rezoning ordinance enacted by the City of Rusk. The judgment also enjoined the City from changing the zoning on a 2.7-acre tract, the subject of said amendatory ordinance enacted on September 8, 1981, so as to allow any uses of such property other than the uses permitted by the residential (R–1) zoning designation set forth in a comprehensive zoning ordinance adopted by the City in January 1978. City brings error.

We reform and affirm the trial court's judgment.

The record reveals that in January 1978 the City of Rusk enacted a comprehensive zoning ordinance. It is undisputed that under art. 5 of the comprehensive ordinance, the 2.7-acre tract was classified as "single family detached residential R–1" property. On September 8, 1981, the city council of the City of Rusk enacted an unnumbered ordinance entitled "Zoning Ordinance Lade," purporting to change the classification of the subject property from "... R–1 single family residential to B–2, general business." Under such classification the property could be subjected to use for twenty-three or more different business and professional activities, including the owner's immediate contemplated use for

"vehicular and equipment sales and services."

The evidence shows that the 2.7-acre tract of land was the sole property rezoned by the provisions of the amendatory ordinance of September 8, 1981. This property is located on the east side of U.S. Highway 69. There is located immediately north of the property a tract of land which at the time of the adoption of the comprehensive zoning ordinance was occupied by a meat packing or meat processing plant. Such tract was classified under the comprehensive ordinance as B–2, general business.

On the south side of the subject property, abutting the east right-of-way of Highway 69 is a rather large residentially zoned area. The properties directly across Highway 69 (west) from the subject property are classified as B–2 general business and extend along Highway 69 in a southerly direction for a considerable distance facing the residential areas located on the east side of Highway 69.

It is well settled that zoning is a legislative function delegated to the municipalities by the provisions of arts. 1011a–1011d inclusive, Tex.Rev.Civ.Stat.Ann. and art. 1011e Tex.Rev.Civ.Stat.Ann. (Vernon Supp. 1963–1982). *Thompson v. City of Palestine*, 510 S.W.2d 579 (Tex.1974). Ordinances enacted pursuant to these articles by a city are presumed to be valid, and "if reasonable minds may differ as to whether or not a particular zoning ordinance has a substantial relationship to the public health, safety, morals or general welfare, no clear abuse of discretion is shown and the ordinance must stand as a valid exercise of the City's police power." *Hunt v. City of San Antonio*, 462 S.W.2d 536, 539 (Tex.1971). It is also established law that the city has the power to amend the basic zoning ordinances, and any such amendatory ordinance is likewise presumed valid unless the facts show that the municipality acted in an arbitrary and unreasonable manner, in which event the presumption disappears. *City of Pharr v. Tippitt*, 616 S.W.2d 173, 176 (Tex.1981). In *City of Pharr v. Tippitt, supra*, the Supreme Court speaking through Justice Pope made some cogent statements regarding criteria for judicial review of zoning ordinances. The court observed that the comprehensive zoning ordinance originally adopted by the City binds the legislative body of a municipality; and the planned zoning represented by a comprehensive ordinance should not be altered even by the municipality for a special benefit of a landowner when the changes will cause damage to adjoining landowners or when they serve no substantial public purposes. Also Justice Pope declared for the court that the "... nature and degree of an adverse impact on neighboring lands..." is an important consideration. The Supreme Court in *City of Pharr v. Tippitt, supra*, states that "... an amendatory ordinance must bear a substantial relationship to the public health, safety, morals, or general welfare...." In addition, the Supreme Court stated, speaking through Justice Pope, that "spot zoning" occurs when a small tract is rezoned to permit uses thereon not allowed on similar surrounding lands without proof of changes in conditions. "Spot zoning" is, as stated by the court, "... piecemeal zoning [which is] the antithesis of planned zoning." Citing 2 E. Yokley, *Zoning Law and Practice*, Sections 13–1 through 13–6 (1978).

In applying these criteria to the facts here presented, we have concluded that the rezoning ordinance in question constitutes "spot zoning" and is therefore void. In so deciding we have carefully considered the City's argument that the rezoning here amounted to merely an extension of an existing business zone. As this court stated in *McWhorter v. City of Winnsboro*, 525 S.W.2d 701, 703 (Tex.Civ. App.1975, writ ref'd n.r.e.), "each case involving possible spot zoning must be decided by an examination of the facts in the particular case." (Citations omitted.) In *McWhorter* the north two-thirds of an entire city block containing approximately eight acres was rezoned for business use. The south one-third of the same was originally zoned by the City as a business zone

in the comprehensive ordinance, and although residential properties surrounded the block on the north, east and west sides, this court upheld the ordinance, finding that "spot zoning" was not involved. In coming to that conclusion, this court was then without the benefit of the criteria furnished for judicial review by the Supreme Court's decision in *City of Pharr v. Tippett, supra,* and concluded that since the zoning there involved an extension of an existing business zone, it was not "spot zoning." In support of that conclusion, cases from other jurisdictions were cited. (See authorities cited at 704 of that opinion.) We have concluded that this case is distinguishable on the facts from *McWhorter* because the area rezoned in McWhorter consisted of 5.29 acres and was not directly adjacent to a residential zone, but was separated by streets on all sides of the block; and that the evidence did not show that the rezoning had an adverse impact on the neighboring residential properties. Here, the evidence shows that the rezoning of the subject property will devalue the residential properties immediately joining the subject property. We view *McWhorter* as inapposite because of these facts. The Supreme Court in testing the ordinance involved in *The City of Pharr v. Tippett, supra,* under the criteria above discussed, emphasized that the 10-acre tract rezoned in *City of Pharr v. Tippett* was located in "... an undeveloped farming area" bounded in part by rural lands and was located in the only area where growth was possible for the city. Significantly, the Supreme Court in that case speaking through Judge Pope stated:

> The development will not cause that measure of disharmony that occurs when there is a rezoning ordinance that permits a use that affects lands or tracts that are already developed. This is not an instance of an unplanned or piecemeal zoning of an isolated lot or small tract.

■ In our case the fact that the lot upon which the tire recapping business is located was originally zoned B–2, general business, does not justify the rezoning in this instance of the small tract on the premise that such zoning is merely an extension of an existing business zone or district. Under such reasoning in this case, the zoning of the entire residential area located adjacent to the properties involved here could be "piecemealed" out of existence by successive rezoning ordinances. (The so-called "domino effect" alluded to by Justice McGee in *Hunt v. City of San Antonio,* 462 S.W.2d 536 (Tex.1971)).

We hold that the rezoning of the subject property in this instance was "spot zoning" unsupported by requisite changes in conditions of the adjacent properties. Of the ten changes in conditions relied on by the City to support the rezoning in this instance, only two involve changes from R–1 zoning to B–2 zoning, viz., Greg Majors' property rezoned to B–1 and located some 3,000 feet distance from the subject property, and Rusk State Hospital properties (53 acres rezoned to B–2) located about one mile north of the subject property. The remaining changes testified to by the city manager involved only the establishment of businesses on B–2 zoned properties or industrially zoned L–I properties.

Under the Comprehensive Zoning Ordinance in the area of the subject property, all properties located on the east side of Highway 69 essentially were zoned R–1 with the exception of the meat processing plant located adjacent to the 2.7-acre tract here involved. In addition the R–1 zoning originally made also included tracts of land located between the meat processing plant and the right-of-way of Highway 69. The meat packing plant, now the tire recapping plant property, does not abut Highway 69. Such property constitutes an isolated B–2 zoned property in a largely residential area. The east side of U.S. Highway 69 in this area was originally zoned, and in fact contains a well developed residential area as it did at the time of the adoption of the comprehensive ordinance. Highway 69, a four-lane U.S. Highway near this area with paved shoulders, separates the B–2 properties and the R–1 properties.

City's points of error one and two are overruled.

■ By point of error three the City complains of the granting of a permanent injunction enjoining it from rezoning the subject lands until the occurrence of certain changes in conditions. The court's judgment contained the following order:

It is further ordered ... that the City of Rusk ... its agents, servants and employees are hereby permanently enjoined from taking any action that would in any manner change the zoning of the 2.7-acre tract ... from its present R–1 status ... until the conditions and circumstances have changed to such an extent as to legally authorize a change, and the changes of conditions and circumstances must be other than those changes relied on ... in this case.

Appellees argue that the Supreme Court's decisions in *Thompson v. City of Palestine,* 510 S.W.2d 579, 580 (Tex.1974), and *Hunt v. City of San Antonio,* 462 S.W.2d 536, 537 (Tex.1971), support the permanent injunction granted by the trial court's order above quoted. We do not so interpret such opinions. A careful reading of such opinions demonstrates that the injunction granted in *Thompson* enjoined the city from *enforcing* the condemned ordinance; and, that the injunction granted in *Hunt* likewise enjoined the *enforcement* of the amendatory ordinance struck down by the trial court by enjoining the city from issuing any permit for the construction on or use of the lands in question for any purposes other than those authorized by the zoning classification of the property under the comprehensive zoning ordinance. Such injunction was necessary only to provide relief against the enforcement by the city of the void ordinance. We do not construe either case as standing for the proposition that a court may enjoin a city from enacting *future* zoning ordinances affecting the use of properties as claimed by appellees. The rule is to the contrary. "The courts have no authority to interfere with the city in the passage and enforcement of its zoning ordinances unless the

action of the city is arbitrary and unreasonable." *City of Bellaire v. Lamkin,* 159 Tex. 141, 317 S.W.2d 43, 45 (1958); TEX. CONST. art. II § 1; *City of Farmers Branch v. Hawnco, Inc.,* 435 S.W.2d 288, 291 (Tex.Civ.App.—Dallas 1968, writ ref'd n.r.e.).

■ Appellees argue that the decision in *City of Farmers Branch v. Hawnco, Inc., supra,* merely holds that the courts may not enjoin the municipality from conducting public hearings to consider changes in existing zoning ordinances. In that case the trial court's order granting the injunction enjoined the City from "... holding any hearings for the purpose of rezoning the property in question ... or from in any manner rezoning the [same] ...." The Dallas Court of Civil Appeals reversed the judgment and rendered judgment dissolving the injunction. The opinion in the *City of Farmers Branch v. Hawnco, Inc., supra,* clearly states that a municipal ordinance is subject to review by the courts *after* the passing of the ordinance. It would be absurd for us to hold that while the courts cannot enjoin a municipality from conducting meetings and public hearings for the purpose of considering amendatory ordinances, courts may enjoin a city from passing such amendatory ordinances under consideration by them. Hearings conducted on proposed ordinances, as well as the subsequent enactment of an ordinance by a municipality, are both parts of the legislative process which has been delegated to municipalities with which process the courts may not interfere. TEX. CONST. art. II § 1; *City of Bellaire v. Lamkin, supra; City of Farmers Branch v. Hawnco, Inc., supra.* City's third point of error is sustained, and accordingly, that part of the judgment of the trial court granting a permanent injunction enjoining the City of Rusk from taking any action to rezone the 2.7-acre tract at any future time is reversed, and the judgment is hereby reformed by striking from such judgment the following order:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that THE

CITY OF RUSK, CHEROKEE COUNTY, TEXAS, its agents, servants and employees are hereby permanently enjoined from taking any action that would in any manner change the zoning of the 2.7 acre tract of land, described on Attachment '2' which is attached hereto, from its present R–1 status, the actual ordinance being attached hereto as Attachment '3,' until the conditions and circumstances have changed to such an extent as to legally authorize a change, and these changes of conditions and circumstances must be other than those changes relied on by THE CITY OF RUSK, TEXAS, in this case.

And as so reformed, the judgment of the trial court is affirmed.